SELF-INSURED HEALTH PLANS Self-insured health benefit plans would be considered to be employee welfare benefit plans under the definition of said term in the Employee Retirement Income Security Act of 1974 and that such plans would, by reason thereof, be regulated by applicable provisions of the Act. The Employee Retirement Income Security Act of 1974 supersedes state law except as to specific items and instances expressly excluded therein. The Attorney General has considered your request for opinion regarding the relationship of state and federal law on self-insured group health benefit plans. Your questions state, in essence, as follows: (1) Are self-insured health benefit plans considered to be employee welfare benefit plans under the federal Employee Retirement Income Security Act of 1974; and if so, (2) Does the federal legislation preempt state law on the subject? The 93rd United States Congress, in the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. 1001 et seq. (Public Law 93-406), enacted legislation for the stated purpose of providing uniform regulations of employee benefit plans. Congress, in a declaration of policy, set forth at Section 1001 of the Act, stated that such legislation was necessary for the protection of interests of participants in such plans and their beneficiaries as well as for the protection of interstate commerce and the protection of the federal taxing power. The extent of coverage of subchapter I of the Act, Protection of Employee Benefit Rights, is recited at Section 1003 as follows: "(a) Except as provided in subsection (b) of this section and in sections 1051, 1081 and 1101 of this title, this subchapter shall apply to any employee benefit plan if it is established or maintained — "(1) by any employer engaged in commerce or in any industry or activity affecting commerce; or "(2) by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce; or "(3) by both. . . ."29 U.S.C.A. 1003 Subsection (b) of Section 1003 excludes governmental plans, certain church plans, plans required under workmen's compensation, unemployment compensation and disability insurance laws, plans established or maintained outside the United States for the benefit of non-United States citizens, and unfunded deferred compensation schemes of top executives from the application of subchapter I. The term 'employee benefit plan' is defined at Section 1002(3) of the Act as: "An employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan." The term 'employee welfare benefit plan' is in turn defined at Section 1002(1) as follows: "(1) The terms 'employee welfare benefit plan' and 'welfare plan' mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions)." (Emphasis added) It appears that Congress intended, in defining the term 'employee welfare benefit plan' to adopt a definition sufficiently broad to cover all types of health benefit plans and schemes. It furthermore appears that it was the intent of Congress for such plans to be covered without regard to the method of funding employed inasmuch as the definition expressly includes plans maintained "through the purchase of insurance or otherwise." The fact that an employer may choose to self-insure any such plan offered to employees as opposed to utilizing some other form of funding is, therefore, not material and would not operate to exempt the plan from the regulatory provisions of the Act. Extensive discussions reflecting the legislative history of the Act and detailing further evidence of the intent of Congress with regard to the extent of coverage of the Act is contained in numerous House and Senate Committee Reports in Vol. 3, 1974, United States Code, Congressional and Administrative News, beginning at page 4639. Part I of subchapter I of the Act establishes reporting and disclosure requirements applicable to all employee benefit plans covered under Section 1003. Employee welfare benefit plans are, therefore, subject to the provisions of Part I, subchapter I. Participation and vesting requirements for certain employee benefit plans are contained in Part II, subchapter I, beginning at Section 1051. Employee welfare benefit plans are expressly excluded from the requirements established in Part II. Requirements relative to the funding of certain employee pension benefit plans are contained in Part m, subchapter I of the Act. Section 1081 expressly excludes employee welfare benefit plans from the requirements of Part III. Provision is made at Section 1144 of the Act for the supersedure of state law as follows: "(a) Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. . . ." (Emphasis added) Exceptions provided in subsection (b) are as follows: "(b)(1) This section shall not apply with respect to any cause of action which arose, or any act or omission which occurred, before January 1, 1975. "(2)(A) Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities. "(B) Neither an employee benefit plan described in section 1003(a) of this title, which is not exempt under section 1003(b) of this title (other than a plan established primarily for the purpose of providing death benefits), nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies. . . ." As previously stated, subchapter I of the Act relates to the protection of employee benefit rights. Subchapter III of the Act relates to plan termination insurance. As provided in Section 1144, the provisions of both subchapters supersede state law insofar as it relates to employee benefit plans. Numerous other States have heretofore considered the question of whether the Act supersedes state law with respect to employee benefit plans. Opinions of the Attorneys General of Pennsylvania, Idaho and New York have been issued in which it was held that the federal legislation does in fact supersede state law on such plans. Opinion of the Pennsylvania Attorney General, June 30, 1975; Opinion of the New York Attorney General, January 31, 1975; Opinion of the Idaho Attorney General, November 4, 1974. The congressional intent to preempt state law purporting to regulate employee benefit plans is clearly apparent from a plain reading of Section 1144. Further evidence of the intent to do so is found in an excerpt from one of the House Committee reports, House Committee Report No. 93-533, published in Vol. 3, 1974 United States Code Congressional and Administrative News, wherein it was stated: "Except where plans are not subject to this act and in certain other enumerated circumstances, state law is preempted . . ." The Employee Retirement Income Security Act of 1974 represents clear and comprehensive legislation for the regulation of employee benefit plans. It furthermore reflects the intent of Congress that the federal legislation occupy the area exclusively. All types of health benefit plans designed and maintained for the purpose of providing participant's health and accident benefits are included within the definition of employee welfare benefit plan in the Act and are thereby subject to the regulatory provisions of the Act, except in specific instances where expressly excluded. The method of funding of any such plan is not material with regard to the question of whether any such plan is covered by the Act. It is, therefore, the opinion of the Attorney General that self-insured health benefit plans would be considered to be employee welfare benefit plans under the definition of said term in the Employee Retirement Income Security Act of 1974 and that such plans would, by reason thereof, be regulated by applicable provisions of the Act. It is the further opinion of the Attorney General that the Employee Retirement Income Security Act of 1974 supersedes state law except as to specific items and instances expressly excluded therein. (William Don Kiser)